## No. 2539.—JOHN MARKS & CO. *v.* SIMON HERMAN.

The holder of a promissory note who wishes to hold an indorser thereon, must give him notice of the failure of the drawer to pay at maturity.

A person who is bound unconditionally on a promissory note, is not entitled to notice of non-payment by the drawer.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Cotton & Levy*, for plaintiffs and appellees. *Cooley & Phillips*, for defendant and appellant.

HOWELL, J. The motion to dismiss this devolutive appeal on the ground that a suspensive appeal having been dismissed because the bond was not payable to the clerk, the appeal must be considered abandoned, comes too late, more than three days having intervened between the filing of the record and the motion.

The suit was brought on two notes payable on demand to the order of defendant, and by him specially transferred to plaintiffs three years after their date, and protested about two years thereafter.

The defendant denies that he is liable as an indorser, and if an indorser, then that demand was not made in due time or legal notice served.

It is shown that at the date of the said transfer defendant was indebted to plaintiff in the amount of the two notes. The evidence of the transfer is in the following words:

"I transfer the within note to J. Marks & Co., or order, payable on demand.

"New Orleans, June 13, 1864.

(Signed)     S. HERMAN."

The question arises, how was the defendant Herman bound? The plaintiffs contend that he undertook the payment of said notes, when demand *upon him* should be made. If this be so, he was the unconditional obligor, and protest was unnecessary.

But we do not so understand his engagement. We regard the form in which he made the transfer as recognizing that the makers of the notes were bound on demand, and if they failed to pay when demand should be made, and due notice be given to him, he would be bound. That is, he became indorser, entitled to notice when demand should be made on the makers. 20 A. 546.

The plaintiffs have evidently been guilty of laches in making the demand and giving the requisite notice, nearly two years having transpired before the demand and protest (admitting that the notice was in legal form), and no reasonable cause of the delay shown. We must conclude that the defendant has been discharged as indorser. 20 An. 546; 16 An. 179.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant with costs in both courts.

Rehearing refused.